UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICKI PIONTEK, | : | |
|     Plaintiff | : | NO.: 3:10-CV-1038 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | (MAGISTRATE JUDGE PRINCE) |
| PENN SECURITY BANK AND | : | |
| TRUST COMPANY, | : | |
|     Defendant | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Pursuant to an Order entered on November 9, 2010 (Doc. 15), Honorable Judge A. Richard Caputo referred this case to the undersigned Magistrate Judge for the purpose of preparing a Report & Recommendation.

**I. Background**

In this case, plaintiff Vicki Piontek alleges that defendant Penn Security Bank and Trust Company violated the Electronic Funds Transfer Act (EFTA), 15 U.S.C.A. §§ 1693–1693r (West 2010), by providing inadequate notice of fees being charged at its ATM at 200 Meadow Avenue in Scranton, Pennsylvania. Further facts, few though they are, will be addressed as appropriate in the discussion section that follows.

This case has its origins in plaintiff's filing of the complaint in the Montgomery County Court of Common Pleas on January 19, 2010. (Doc. 1, at 9 ¶ 1.) The case was removed to the Eastern District of Pennsylvania on March 4, 2010. (*Id.* at 10–11.) Shortly thereafter, on March 11, Penn Security filed a motion to dismiss (Doc. 3); Piontek filed an "Answer to Dismiss" on April 12 (Doc. 4). The case was then transferred to the Middle District of Pennsylvania on April 13. (Doc. 5.)

Once the case was in the Middle District, Penn Security filed a motion to dismiss or in the alternative for summary judgment on May 27, 2010 (Doc. 9) along with an affidavit from its head of security (Doc. 9-2), mooting its previous motion. It followed the next day with a brief in support. (Doc. 11.) Piontek responded with a brief in opposition (Doc. 13) on June 17, 2010, which included an affidavit of her own (*id.* at 5.) Penn Security submitted a reply brief on June 24, 2010. (Doc. 14.)

In her brief opposing defendant's motion, Piontek notes what she describes as a typographical error in the complaint. One critical sentence reads: "There was a notice at or near the ATM . . . ." (Doc. 1, at 17 ¶ 11.) This should have read "[t]here was *not* a notice," since, as written, paragraph 11 constitutes an admission that makes her case a nonstarter. Piontek requested leave to file an amended complaint "to state the cause of action more clearly." (Doc. 13, at 2.) In light of this request, and noting that Piontek made reference to exhibits filed with the original complaint in state court that are not included in the federal docket, the Court granted Piontek leave to amend to correct the typographical error and file the exhibits. (Doc. 16.) This order issued on December 20, 2010, and gave Piontek until January 3, 2011, to refile, but she never did. As a result, the Court does not have the benefit of Piontek's exhibits, and the complaint's paragraph 11 still stands as a claim-defeating admission.[1]

Because Piontek not only declined to argue against treating the pending motion as one for summary judgment but also submitted her own affidavit in response to defendant's, there is no reason now appearing to the Court that the material outside of the pleadings should be disregarded. Consequently, the pending motion will be treated as one for summary judgment, such motion now being ripe for adjudication.

---

[1]Nonetheless, in the interest of fairness, the Court will read paragraph 11 as apparently intended: as a statement that the notice was not present.

2

**II. Standard of Review**

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56(c) of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party opposing the motion "must

3

do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

### III. Discussion

In the single count of her putative class-action complaint, plaintiff alleges that defendant, by failing to provide "notice at or near the ATM that a fee would or may be charged for the use of the ATM" (Doc. 1, at 17 ¶ 11) violated § 1693b(d) of the EFTA and its implementing regulation, 12 C.F.R. § 205.16 (West 2010), such that she is entitled to statutory damages under EFTA § 1693m(a).

Although the Third Circuit appears not to have enunciated any jurisprudential requirements that a plaintiff must meet in order to make a claim under § 1693, the Seventh Circuit has indicated that an EFTA claim has three elements: (1) a transfer of funds; (2) initiation of the transfer by electronic means; and (3) a debit or credit to a consumer account. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1328 (7th Cir. 1997). Plaintiff has adequately alleged facts in her affidavit that would meet all three elements, namely: that she used defendant's ATM on December 21, 2009, ATMs being machines that transfer funds electronically, and such use being presumably to withdraw from or add funds to one of her accounts. Although the facts as evidenced in the affidavit do not state an amount that was withdrawn from or deposited to an account using the ATM, the affidavit's statements are sufficient to make reasonable an inference that the three-element *Bass* test is satisfied.

4

Both EFTA and the implementing regulations require that, if an ATM imposes a fee on a user, that the ATM provide its users with notice (1) that a fee is imposed and (2) of the amount of the fee. 15 U.S.C.A. § 1693b(d)(3)(A) (West 2010); 12 C.F.R. § 205.16(b). The ATM must provide this notice on the machine "in a prominent and conspicuous location" as well as either on the screen of the ATM or on a paper printout before the user is committed to paying a fee. 15 U.S.C.A. § 1693b(d)(3); 12 C.F.R. § 205.16(c).[2]

Plaintiff states in her affidavit that there was not a notice on the ATM itself, which, in concert with the use of the ATM and the fee of $2.00 that she states was charged, is sufficient to establish a prima facie violation of §§ 1693b and 205.16(c) by defendant.

Defendant vehemently protests that allowing EFTA claims to survive motions to dismiss or for summary judgment when they are based on factual allegations like the ones in this case "would merely encourage opportunistic consumers . . . to file suit . . . to obtain a windfall recovery" (Doc. 14, at 3–4), and insists that § 1693h(d) provides an absolute defense to liability. Section 1693h(d) provides:

> If the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) [notice on the ATM itself] by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

---

[2]Defendant incorrectly states that EFTA does not require both kinds of notice. However, subsections (i) and (ii) of § 1693b(d)(3)(B) list the two kinds of notice required without any disjunctive term between them, and § 1693b(d)(C), which prohibits fees "not properly disclosed and explicitly assumed by [the] consumer," refers to a requirement of notice "in accordance with subparagraph (B)." *See also Grieff v. Palace Entm't Holdings, LLC*, No. 09-1388, 2010 WL 1816300, at *1 (W.D. Pa. May 4, 2010) ("Section 1396b(d) of the EFTA requires a notice of any fee to be posted on the ATM itself as well as displayed on the ATM screen during a transaction.")

5

15 U.S.C.A. § 1693h(d). To support its § 1693h defense, defendant has submitted an affidavit of Richard P. Rossi, Senior Vice President and Security Officer for defendant Penn Security. He states that EFTA notice signs were posted at the 200 Meadow Avenue ATM machine in 2003; attached as exhibits to his affidavit are photos that he states are of the ATM at this location. (Rossi Aff., May 26, 2010, Doc. 9-2, at 2 ¶¶ 4–5; *id.* at 5–7.) After Penn Security was served in this case, Mr. Rossi continues, he visited the ATM in question, determined that the notice had been removed, and observed holes where the notice had been riveted to the machine. (*Id.* ¶ 7.) He concluded after investigation that the external notice had been removed by a third party. (*Id.* ¶¶ 8, 11.)

Plaintiff's affidavit, submitted alongside her brief in opposition, simply restates the factual allegations of her complaint. Although restatement in an affidavit allows the averments therein to be considered on summary judgment—unlike unsupported allegations of a complaint, which a court disregards when reviewing a motion for summary judgment—this affidavit does not effectively respond to the Rossi affidavit that defendant submitted. In other words, although plaintiff's allegations in the complaint, repeated in her affidavit, are sufficient to make out a prima facie case and would survive a Rule 12(b)(6) motion to dismiss, defendant's affidavit provides evidence of a complete defense under the EFTA that plaintiff does not rebut.

Specifically, defendant's affidavit and photos tend to show that the required external notice was posted on the ATM in question and that the notice was removed by some third party. Since plaintiff's complaint never addressed these affirmative defenses, defendant's argument and evidence on this point support a point of material fact that, without more from plaintiff, is undisputed. Following *Celotex* and Rule 56(e), the burden shifted to plaintiff to produce some evidence of a specific, disputed material issue. It was thus incumbent upon plaintiff to produce some kind of evidence that would tend to show that external notice was never posted on the ATM, or if it was, that it was removed by

6

defendant itself. However, plaintiff's affidavit states only that "[t]he machine did not have an external fee notice sign of any kind at the time that I used it." (Piontek Aff., June 13, 2010, Doc 13, at 5.) This is not evidence of a disputed fact. Nor is anything else in plaintiff's submissions to the Court.

**IV. Conclusion**

Based on the foregoing discussion, it is recommended that defendant's motion for summary judgment be GRANTED, and plaintiff's complaint be DISMISSED.

s/ William T. Prince
William T. Prince
United States Magistrate Judge

January 13, 2011